IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES MILLER, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | Civil Action No. 3:98-CV-2955-D |
| | § | |
| CITY OF DALLAS, a Texas | § | |
| Municipal Corporation, | § | |
| Defendant. | § | |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between the City of Dallas and Plaintiffs Ronnie Miller (as representative of the estate of Charles Miller), Mable Hayden, Fred Crawford, Dorothy Stoker Thomas, Mattie Cooper (personally and as representative of the estate of L.T. Cooper), and John Adams ("Plaintiffs").

WHEREAS, Plaintiffs filed suit against the City of Dallas ("the City") on December 16, 1998, in the United States District Court for the Northern District of Texas, Dallas Division, Civil Action No. 3:98-CV-2955-D, alleging causes of action under 42 U.S.C. §§ 1981, 2000d, 3604(a), and 5309; 24 C.F.R. § 100.70(d)(4); and the Fourteenth Amendment to the U.S. Constitution, seeking monetary and injunctive relief ("the Lawsuit");

WHEREAS, on March 12, 1999, the City filed its original answer, which denied liability;

WHEREAS, the Parties reached agreement in settlement of the Lawsuit, subject to approval by the Dallas City Council;

WHEREAS, the Dallas City Council approved the settlement on August 14, 2002;

WHEREAS, the City denies liability in the Lawsuit;

WHEREAS, the Parties, in order to avoid the burdens, costs, inconveniences and uncertainties associated with further litigation, desire: (1) a complete, full, and final settlement and compromise of all claims asserted and assertable in the Lawsuit by and between the Parties; (2) a full and complete release by Plaintiffs of all claims asserted or assertable against the City; (3) a full and complete release by the City of all claims asserted or assertable against Plaintiffs; and (4) a dismissal with prejudice of the Lawsuit in its entirety in accordance with the terms of this Agreement;

NOW, THEREFORE, in consideration of the recitals set forth above, the mutual covenants, warranties, releases, promises, and agreements stated in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Parties agree as follows:

## AGREEMENTS

1. **Purchase of Plaintiffs' Homes**. Each Plaintiff and the City shall enter into an Earnest Money Contract for Sale ("Sales Contract"), attached as Exhibits A - F, for the purchase of Plaintiffs' single-family houses located within the neighborhood of "Cadillac Heights" as described in the Plaintiffs' First Amended Complaint. The City shall pay to the following four Plaintiffs the sum of $50,000.00 at the time of delivery to the City of their executed special warranty deed conveying title to the Plaintiffs' property, free of liens and encumbrances and in accordance with the terms of the Sales Contract: John Adams, Mattie Cooper, Fred Crawford, and Dorothy Stoker Thomas. The City shall pay to the following two Plaintiffs the sum of $35,000.00 at the time of delivery to the City of their executed special warranty deed conveying title to the Plaintiffs' property, free of liens and encumbrances and in accordance with the terms of the Sales Contract: Mable Hayden and Ronnie Miller.

2. **Attorney's Fees**. The City shall pay to the Plaintiffs' attorneys the sum of $265,000.00 within 10 days of the execution of this Agreement. The sum shall be paid by check payable to the order of Michael M. Daniel, P.C.

3. **Other financial matters**. Court costs and expenses shall be paid by the party incurring same.

4. **Release by Plaintiffs**. As of the date of execution of the Sales Contracts, and subject to the terms, provisions, limitations and exceptions set forth herein, if any, each Plaintiff, on his or her own behalf and on behalf of his or her agents, servants, attorneys, employees, representatives, officers, directors, partners, principals, representatives, successors, and assigns, does compromise, assign, settle, remise, release, relinquish, acquit, and discharge the City and its agents, attorneys, employees, principals, directors, trustees, officers, partners, executors, administrators, receivers, beneficiaries, parent and subsidiary corporations, representatives, servants, predecessors, successors, assigns, independent contractors, insurers, and all other persons or entities in privity therewith or acting in their behalf, whether named herein or not, from all obligations, claims, demands, damages, defenses, actions, causes of action, debts, accounts, bonds, covenants, charges, dues, agreements, judgments, liabilities, and lawsuits of every kind, nature, character, or description, whether in contract or tort, at law or in equity, by statute or otherwise, known or unknown, suspected or unsuspected, real or imagined, fixed or contingent, liquidated or unliquidated, directly or indirectly arising from, growing out of, related to, or accrued as a consequence of the occurrences made the basis of this Lawsuit, including, without limitation, any right to apply for, claim, receive, or be entitled to receive, any relocation expenses, payments, benefits, financial or non-financial assistance or replacement housing offered or provided in connection with Plaintiffs' property and Dallas City Code Chapter 39A or any other local, state, or federal law, rule, or regulation, and furthermore releases, waives, disclaims, and relinquishes any such foregoing rights or right of appeal. Each Plaintiff acknowledges that the release in this Agreement is a general release, and expressly waives and assumes the risk of any and all claims, obligations, demands, damages, defenses, actions, causes of action, debts, accounts, bonds, covenants, charges, dues, agreements, judgments, liabilities, and lawsuits that exist as of this date, but which Plaintiffs do not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect the decision to enter into this Agreement. Plaintiffs also assume the risk that the facts or law involved in this case may be otherwise than they believe.

5. **Release by City**. As of the execution of the Sales Contracts, and subject to the terms, provisions, limitations and exceptions set forth herein, if any, the City, on its own behalf and on behalf of its agents, servants, attorneys, employees, representatives, officers, directors, partners, principals, representatives, successors, and assigns, does compromise, assign, settle, remise, release, relinquish, acquit, and discharge Plaintiffs and their agents, attorneys, employees, principals, directors, trustees, officers, partners, executors,

administrators, receivers, beneficiaries, parent and subsidiary corporations, representatives, servants, predecessors, successors, assigns, independent contractors, insurers, and all other persons or entities in privity therewith or acting in their behalf, whether named herein or not, from all obligations, claims, demands, damages, defenses, actions, causes of action, debts, accounts, bonds, covenants, charges, dues, agreements, judgments, liabilities, and lawsuits of every kind, nature, character, or description, whether in contract or tort, at law or in equity, by statute or otherwise, known or unknown, suspected or unsuspected, real or imagined, fixed or contingent, liquidated or unliquidated, directly or indirectly arising from, growing out of, related to, or accrued as a consequence of the occurences made the basis of this Lawsuit. The City acknowledges that the release in this Agreement is a general release, and it expressly waives and assumes the risk of any and all claims, obligations, demands, damages, defenses, actions, causes of action, debts, accounts, bonds, covenants, charges, dues, agreements, judgments, liabilities, and lawsuits that exist as of this date, but which the City does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect the decision to enter into this Agreement. The City also assumes the risk that the facts or law involved in this case may be otherwise than it believes.

6.  **Dismissal of Lawsuit**. Upon execution of this Agreement by the Parties, the Parties shall cause to be entered in the Lawsuit an Agreed Judgment of Dismissal with Prejudice (in substantially the form attached hereto as Exhibit G) in the above-referenced litigation, which shall dismiss the Lawsuit and all claims with prejudice to the refiling of the same and shall tax costs of court against the party incurring the same. The Parties shall take such other necessary efforts to cause the dismissal with prejudice of the Lawsuit, including executing any and all documents necessary to carry out the terms of this Agreement. The Parties hereby waive their right to appeal the dismissal of the Lawsuit or to file a motion for new trial regarding the dismissal. Notwithstanding anything contained in this Agreement to the contrary, the obligations, agreements, and respective promises of the Parties as reflected in this Agreement are expressly conditioned upon and will not be effective unless and until the Agreed Order of Dismissal with Prejudice is entered by the Court.

7.  **Obligation to Perform this Agreement**. Notwithstanding anything contained herein to the contrary, the Parties do not release each other from their obligations under this Agreement, including, without limitation, representations and warranties made by them. Also notwithstanding anything contained herein to the contrary, the Parties do not release each other from the warranties and obligations made under the contract executed by and between them on or about September 3, 2002, and all amendments to that contract. The Parties shall cooperate with each other in the drafting and execution of such additional documents as are reasonably requested or required to implement the terms and spirit of this Agreement. Notwithstanding the previous sentence, this Agreement is intended to be an enforceable agreement.

8. **Ownership of Claims**. The Parties each represent and warrant to one another that all claims, demands, and causes of action which they may have against each other arising out of the transactions which are the subject of the Lawsuit are owned by them, respectively, and that no part of any such claim, demand, or cause of action has been assigned, transferred, sold, conveyed, encumbered, or otherwise disposed of to any other person or any other entity. Accordingly, each Party also represents and warrants that no other person has an interest in any of the claims that has not been released or discharged by this Agreement or otherwise. Each of the Parties also warrants and represents that it has the power and authority to enter into this Agreement, and that it has the sole right to execute this Agreement as the owner of said claims. The Parties further agree that this warranty of ownership shall be deemed breached and a cause of action accrued thereon immediately upon the making of any claim or demand or the institution or continuation of any suit, action, or proceeding by the opposite party, or any person, firm or corporation claiming by, through or under the opposite party, contrary to this Agreement, and that in any such suit, action, or proceeding, this Agreement may be pleaded as a defense or by way of counterclaim or cross-claim.

9. **Binding Effect**. The terms of this Agreement are contractual and are not merely recitals. All agreements, representations, warranties, covenants, terms, and conditions of this Agreement shall survive its execution and shall be binding upon and inure to the benefit of and be enforceable by the legal representatives, heirs, executors, officers, directors, assigns, beneficiaries, successors, assigns, trustees, receivers, affiliates, partners, venturers, owners, members, and related companies of the Parties. The Parties each also warrant and represent that all documents delivered pursuant to this Agreement are valid, binding, and enforceable in the same manner and by the same Parties as described in the previous sentence.

10. **Denial of Liability**. It is understood and agreed that no Party admits any liability to any other Party concerning the matters described in this Agreement. In fact, each Party expressly denies such liability and continues to maintain the correctness of the positions asserted on its behalf in the Lawsuit. The Parties enter into this Agreement to resolve, settle, and compromise the matters in dispute between the Parties in the Lawsuit, and solely to avoid the cost, expense, effort, and trouble of further litigation. Accordingly, nothing contained herein, including any payments made, releases, or other consideration given, shall be construed as an admission of liability.

11. **Integration Clause**. Except as provided in Paragraph 6 of this Agreement, this Agreement contains the entire agreement and understanding between and among the Parties with respect to all matters described in this Agreement and supersedes and renders null and void any and all prior agreements, arrangements, discussions and understandings, if any, between and among all Parties relating to the subject matter of this Agreement. No oral understandings, statements, promises, or inducements contrary to the terms of this Agreement exist, and, except as otherwise expressly set forth in this Agreement, all Parties expressly disclaim reliance upon any facts, promises or

representations made by any other party, or its agents, servicers, or attorneys, prior to the effective date of this Agreement. This Agreement cannot be changed, modified, amended, or terminated except by a subsequent agreement in writing executed jointly by all Parties. Except as provided in Paragraph 6 of this Agreement, all Parties understand and agree that this Agreement is in full satisfaction of all asserted damages arising out of or in any manner connected with the Lawsuit, and that they shall receive no further sums of money or other consideration, including, without limitation, costs and attorneys' fees, from any of the Parties or from any other Parties released herein.

12.  **Comprehension and Voluntariness of Agreement**. The Parties represent and warrant that they: (1) have carefully read and reviewed this Agreement, (2) have had it fully explained to them, (3) have had the opportunity to consult with legal counsel of their choice regarding the terms and advisability of this Agreement prior to executing, (4) fully understand the terms and conditions of this Agreement, included its final and binding effect, and (5) have entered into this Agreement freely and without duress.

13.  **No Warranties or Representations**. No Party has made any warranties or representations to induce any other party to enter into this Agreement except to the extent, if any, as may be expressly stated in this Agreement. No Party is relying upon any representation or statement of any kind that is not expressly set forth herein.

14.  **Consideration**. The Parties acknowledge that the agreements, representations, warranties, covenants, terms, and conditions contained in this Agreement provide good, sufficient, and valuable consideration for every promise, duty, release, obligation, and the like contained in this Agreement.

15.  **No Strict Construction against Author**. This Agreement and the exhibits attached thereto are the result of substantial negotiations between the Parties and their counsel. The Parties acknowledge that each of them has had the benefit of counsel of their own choice. The Parties further acknowledge that they have, through their respective counsel, participated in the preparation of this Agreement and the exhibits attached thereto. Accordingly, it is immaterial that counsel for one party or another may have drafted this Agreement, the exhibits attached thereto, or any portion of these documents. In the event of any dispute over the documents' meaning, application, interpretation, or construction, the documents shall be construed reasonably such that no ambiguities are resolved presumptively against any Party as a matter of law.

16.  **No Third Party Beneficiary Status**. This agreement is made for the sole benefit of the Parties. No other person or entity shall have any rights or remedies under or by reason of this Agreement, nor shall anything in this Agreement be construed to confer upon any person or entity, whether or not a party to this Agreement, the rights or remedies of a third party beneficiary.

17.  **Severability**. In case any one or more of the provisions contained in this Agreement or its exhibits should be determined to be illegal, invalid, or

unenforceable in any respect under any current or future law, such provision shall be fully severable, and the Agreement shall be construed and enforced as if such provision had never comprised a part of the document or agreement and the remaining provisions of the document or agreement shall remain in full force and effect and shall not be affected by such provision or its severance from the document or agreement. Furthermore, in lieu of such illegal, invalid, or unenforceable provision, there shall be added automatically as a part of the document or agreement a provision as similar in terms to such illegal, invalid, or unenforceable provision as may be possible and be legal, valid, or enforceable.

18. **Number and Gender**. Unless the context requires otherwise, words of any gender used in this Agreement shall be held and construed to include the other gender, and words of a singular number shall be held to include the plural and vice-versa.

19. **Headings**. The headings of the paragraphs of this Agreement are included only to make it easier to locate the subjects covered by each provision, and shall not control or affect the meaning, intention, construction, or effect of this Agreement or any provision in this Agreement.

20. **Counterparts**. This Agreement may be executed in multiple identical counterparts, each of which shall be considered an original for all purposes, but which together shall constitute only one and the same Agreement. Each counterpart shall be deemed effective when all Parties have affixed their signatures to the counterparts and they have been delivered to all other Parties.

21. **Authority to Execute**. Each Party warrants and represents that each of them and any person(s) executing this Agreement on its behalf has the full power and authorization to execute this Agreement on behalf of the Party so executing, and that upon execution the same is and shall be binding upon that Party and its respective heirs, successors, and assigns.

22. **Effective Date**. This Agreement shall be effective as of the date upon which it has been fully executed and acknowledged by all of the Parties.

23. **Confidentiality.** All negotiations leading up to this Agreement and its terms are and shall remain confidential between the Parties and will not be voluntarily disclosed to any person other than the attorneys of the respective Parties as identified in this Agreement or with authorized representatives of the Parties. This provision does not prevent disclosure of the negotiations or terms of this Agreement as required by any local, state, or federal law or regulation, or as necessary to comply with any rules or regulations of the State Bar of Texas or any other organization or entity governing the conduct of the Parties or their attorneys.

24. **Future Litigation**. Except for any litigation concerning enforcement of any obligations under this Agreement, this Agreement, the fact of this settlement, or a judgment entered or to be entered pursuant hereto, shall not be referred to, admitted in evidence, or otherwise used against the Parties.

25. **Termination of Lawsuit**. Upon execution of this Agreement by the Parties, the Parties shall file with the Court an Agreed Judgment ("Agreed Judgment"), in substantially the form attached hereto as Exhibit G, in the above-referenced litigation, and shall take such other necessary efforts to cause the termination of the Lawsuit, including executing any and all documents necessary to carry out the terms of this Agreement. The Parties hereby waive their right to: (1) appeal the Agreed Judgment, or (2) file a motion for new trial regarding the Agreed Judgment, and (3) file a motion to set aside or amend the Agreed Judgment entered in this action. Notwithstanding anything contained in this Agreement to the contrary, the obligations, agreements, and respective promises of the Parties as reflected in this Agreement are expressly conditioned upon and will not be effective until the Agreed Judgment is entered by the Court.

AGREED this 4TH day of SEPTEMBER, 2002, by

By _____
Assistant City Manager
City of Dallas
1500 Mariila Street
Dallas, Texas 75201

By _____
AMY K. BOCK
Assistant City Attorney
State Bar of Texas No. 00793357

MICHAEL M. DANIEL, P.C.
3301 Elm Street
Dallas, Texas 75226-1637
214-939-9230
Facsimile 214-741-3596

By _____
    Estate of Charles Miller (deceased),
    by Ronnie Miller as substituted
    party

By _*Mable Hayden*_
    Mable Hayden

By _*Michael M. Daniel*_
    Michael M. Daniel
    State Bar of Texas No. 05360500

By _*Fred Crawford*_
    Fred Crawford

By _*Mattie Cooper*_
    Mattie Cooper, personally and
    as substituted party for the
    Estate of L.T. Cooper (deceased)

By _*Dorothy Thomas*_
    Dorothy Thomas

By _*John Adams*_
    John Adams

By _____
    Fred Crawford

**MILLER V. CITY OF DALLAS**—SETTLEMENT AGREEMENT AND RELEASE --9

By /s/ Ronnie Miller
Estate of Charles Miller (deceased),
by Ronnie Miller as substituted
party

By_____
Mable Hayden

By_____
Fred Crawford

By_____
Mattie Cooper, personally and
as substituted party for the
Estate of L.T. Cooper (deceased)

By_____
Dorothy Thomas

By_____
John Adams

By_____
Fred Crawford

MICHAEL M. DANIEL, P.C.
3301 Elm Street
Dallas, Texas 75226-1637
214-939-9230
Facsimile 214-741-3596

By_____
Michael M. Daniel
State Bar of Texas No. 05360500

MILLER V. CITY OF DALLAS—SETTLEMENT AGREEMENT AND RELEASE --9